

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. C. H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. O-4632

Re: Effect of the repeal of the
Blue Sky Law upon the appro-
priations to the Blue Sky
Division in the Appropria-
tion Bill for the fiscal
years 1936 and 1937; and
related matters.

You request an opinion of this Department upon the questions stated in your letter, as follows:

"The 44th Legislature repealed the 'Blue Sky Law' (Articles 579 to 600, inclusive, Vernon's Annotated Texas Civil Statutes) effective May 23rd, 1935, at the same time it passed the Securities Act (Article 600a, et seq.). There appears to us to have been a duplication of items in the Appropriation Bill which was passed by the same Legislature effective September 1st., 1935, for the fiscal years ending August 31st, 1936, and August 31st. 1937.

"Section 36 of the Securities Act provided that all moneys derived from fees, assessments or charges under the Act are to be placed by the Secretary of State in the State Treasury in a separate fund to be available for use in the administration of that Act with all such moneys being appropriated to the Secretary of State 'for the purpose of paying the salary and expenses of all persons employed or appointed as provided herein for the administration of this Act' and providing that in no event such expenditures were to exceed the sum of $20,000.00 for any one year. In the mean-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

time, the Appropriation Bill, at page 1140 of the General and Special Laws of the 44th Legislature, provided an item (No. 9) of $2,601.00 for salary of a Blue Sky Commissioner, $1,450.00 (item No. 11) as salary for a Secretary-stenographer in the Blue Sky Division, and $500.00 (item No. 24) for traveling and other expenses of the Blue Sky Division. The Appropriation Bill also provides (page 1141) 'no employee of the recently created Securities Division of the Department of the Secretary of State shall be paid larger amounts of salary than the amounts of salary appropriated for similar positions and services in said department'.

"In our audit we find that the entire appropriations above described were used by the Secretary of State in addition to the full amount of the $20,000.00 specified in the Securities Act, the item No. 9 having been paid as salary to the head of the Franchise Tax Department, and the item No. 11 having been paid to the Secretary-stenographer for the Franchise Tax Department in the Secretary of State's office. All of the $500.00 expense account was used for Securities Act purposes.

"In view of Attorney Generals' opinions holding that a general law may not be amended or changed by the provisions of an appropriation bill (Opinion No. 1745, April 30th, 1917, and Opinion No. 2965, May 22nd, 1935), and from other standpoints, we are concerned with the following questions:

"1. Did the repeal of the 'Blue Sky Law', on May 23rd, 1935, render ineffective or void the appropriation to the Blue Sky Division in the Appropriation Bill for the fiscal years 1936 and 1937?

"2. Was it illegal for the Blue Sky Division appropriations to be expended for

purposes other than as directly specified
in the Appropriation Bill, even if the ap-
propriation itself was not void?

"3.  Was it illegal for the Securities
Commissioner, appointed under the new Secur-
ities Act, to be paid an annual salary of
$3,600.00 in view of the above quoted re-
strictive provision in the Appropriation
Bill, since Section 34 of the Act provides
that said Securities Commissioner 'shall
perform the duties of the present Blue Sky
Commissioner' and the Appropriation Bill
had shown $2,601.00 for that position?

"4.  In Section 36 of the Securities
Act, as originally passed and as subsequent-
ly amended, there is a provision to the ef-
fect that at the end of each year any un-
used portion of the funds set aside into a
special account for the administration of
the Securities Act shall be set over and
paid into the General Revenue Fund.  Our
question is as to when this transfer into
the General Revenue Fund should be made.
Should it be within a certain period of
time after the close of the year and, if
so, what is that period of time?"

1.  The enactment of the Securities Act did not
render ineffective or void the appropriation to the Blue
Sky Division in the office of Secretary of State, in the
Appropriation Bill for the fiscal years of 1936 and 1937.

Section 38 of the Securities Act provides in
part as follows:

"That the Act known as the 'Blue Sky
Law of Texas' as embraced in Articles 579
to 600, inclusive, Revised Civil Statutes
of Texas 1925, and Articles 1071 to 1083,
inclusive, Penal Code, 1925, be and the
same are hereby repealed; provided, how-
ever, that all permits and exemption cer-
tificates issued by the Secretary of State

Mr. C. H. Cavness - page 4

pursuant to said law prior to the effective date of this Act shall be valid during the period for which they were issued unless sooner revoked by the Secretary of State for any cause for which the Secretary of State is authorized by this Act to revoke a certificate of registration hereunder; and provided, further, that all agreements entered into by or under the direction of the Secretary of State pursuant to said Blue Sky Law for the deposit in escrow of securities or moneys, together with all prosecutions and legal or other proceedings begun under the provisions of said law and not completed at the time of the taking effect of this Act, shall continue and remain in full force and effect, notwithstanding the passage of this Act. ...*

It is a familiar rule that the Legislature will not be presumed to have done a futile or useless thing, and that, if possible, an act of the Legislature will be so interpreted as to avoid rendering any portion thereof nugatory. Such rule applies as well to the appropriation measures as to other laws passed by the Legislature.

An examination of Section 38 of the Securities Act reveals that the repeal of the Blue Sky Law was not complete and all-embracing, but that, necessarily, by virtue of the provisions contained in Section 38 following the language purporting to repeal said Blue Sky Law, the Blue Sky Law was continued in force and effect insofar, at least, as it covered "all agreements entered into by or under the direction of the Secretary of State pursuant to said Blue Sky Law for the deposit in escrow of securities or moneys, together with all prosecutions and legal or other proceedings begun under the provisions of said law and not completed at the time of taking effect of this Act. . . ." In making the appropriations to the Secretary of State for the Blue Sky division, after the Securities Act had already been enacted, the Legislature doubtless considered that the Secretary of State, by virtue of the provisions of Section 38 of the Securities Act above quoted, would have certain duties to perform under the Blue Sky Law with reference to prosecutions and

legal or other proceedings begun under that law and not completed at the time of the taking effect of the Securities Act. It is the opinion of this department that the appropriations referred to were made to the Secretary of State by the Legislature for the purpose of enabling the Secretary of State to discharge such duties, and that said appropriations are in nowise invalid or ineffective.

2. The function of an appropriation is to authorize the expenditure of a certain sum of money for a certain purpose, and for no other purpose. The appropriations for the Blue Sky division, therefore, were available for expenditure only for the purposes for which they were authorized by the Legislature, and the department head was not authorized to expend them for any other purpose. The facts stated in your letter, however, do not show, of themselves, any unauthorized diversion of these funds to purposes other than those for which the Legislature authorized them to be expended. Your attention is directed to the following paragraph contained in the general rider to the Appropriation Bill in which these appropriations are found:

"Transfer of Employees. It shall be the duty of the head of any department to transfer an employee of his office to any desk or place within the department when necessary to perform the duties of the department and for the proper dispatch of business."

The mere fact that Item 9 of the Appropriation Bill was paid as salary to the head of the Franchise Tax department, and Item 11 was paid to the secretary-stenographer for the Franchise Tax department, does not indicate any diversion of these appropriations to unauthorized purposes. If these two persons were employed by the Secretary of State for the purpose of handling Blue Sky matters pending at the time of the enactment of the Securities Act, it was nevertheless competent for the Secretary of State to impose upon them the additional duty of serving as head of the Franchise Tax department and as secretary-stenographer for the Franchise Tax department, under the paragraph of the Appropriation Bill styled "Transfer of Employees". While the Appropriation Bill provides "No salary for which an appropriation is made herein shall be paid to any person unless such per-

son actually discharges assigned duties", such provision is a minimum and not a maximum requirement, and the paragraph on "Transfer of Employees", clearly authorizes the department head to require such employees to perform other and additional duties than those pertaining to the appropriation from which they are paid.

3. It was not illegal for the Securities Commissioner, appointed under the Securities Act, to be paid an annual salary of $3600.00.

The Securities Act, in Section 34, expressly provides:

> "The Securities Commissioner, as herein created, shall draw an annual salary not exceeding $3,600.00, and shall perform the duties of the present Blue Sky Commissioner in the enforcement of the provisions of this Act as directed by the Secretary of State."

Section 36 of the Act contemplates that the Secretary of State shall have the authority to fix the salary of the Securities Commissioner at an amount not to exceed the maximum provided in Section 34. The underlined portion of Section 34 obviously means that the duties performed by the Securities Commissioner in the enforcement of the Securities Act shall be of the same character as those performed by the Blue Sky Commissioner under the Blue Sky Law. It can have no other meaning, for the Blue Sky Commissioner never had any duties to perform "in the enforcement of this Act" -- the Securities Act.

4. Section 36 of the Securities Act contains the following provision:

> "At the end of the calendar year any unused portion of said funds in said special account shall be set over and paid into the general revenue fund."

No period of time within which this transfer is to be made is set out in the Act. It is contemplated that it shall be done within a reasonable time after the close of the calendar year. The duty to make such

payment to the general fund from the special account is a continuing one, that is, the duty to make such payment rests upon the officers required to make it until they have discharged such duty in accordance with the provisions of the law. The mere fact that they may wait an unreasonable period of time after the close of the calendar year can not operate to relieve them of the duty thus imposed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF-MR

APPROVED DEC 1, 1942

ATTORNEY GENERAL OF TEXAS

